[Crim. No. 1127.   Fourth Dist.   Oct. 15, 1956.]

THE PEOPLE, Respondent, v. DAVID SOLORIO et al., Defendants; CLAUDINE SCOTT, Appellant.

Claudine Scott, in pro. per., and Charles G. Potter, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendants David Solorio and Claudine Scott were convicted by the court, sitting without a jury, of the crime of assault with intent to commit robbery, in violation of section 220 of the Penal Code. Appellant Scott admitted a prior conviction of a felony and was sentenced to state's prison.  Defendant Solorio's appeal was dismissed on September 5, 1956, after he abandoned it.

Appellant Scott appeared in propria persona and gave notice of appeal and later, at his request, counsel was appointed to represent him on this appeal.

The victim testified that on January 29, 1956, at about 6 p. m., he was crossing Third Street at D Street in San Bernardino, and as he neared an alley "two guys grabbed me and dragged me into the alley"; that he did not recognize their faces but one was a Mexican and the other was colored;

that they threatened him, knocked him down, injured him and dragged him up the alley and went through his pockets; that an officer came along about that time and he told him these men had "rolled" him; that he had between $45 and $50 on him at the time and then it was gone.

The police officer testified he saw these defendants drag the complaining witness into the alley and that the complaining witness appeared to be intoxicated at the time; that he saw both defendants kneeling over the complaining witness, and appellant Scott told him that the victim (Courson) was trying to "roll" him (Scott) and the officer told Scott it looked more like he (Scott) was trying to rob Courson. Other officers were summoned to the scene. They found the complaining witness's wallet lying at defendant Solorio's feet. The officer picked up the complaining witness and took him to a near-by police car and just then the officer looked around and saw the appellant Scott throw a wallet on the ground. He picked it up and it was Scott's wallet. Scott was searched and he had only a few cents on his person. Later he was questioned at the police station and said that Solorio noticed the complaining witness and started after him; that he (Scott) told him to leave him alone but Solorio said: "No, he has some money"; that Solorio approached the complaining witness, grabbed him and forced him back into the alley, knocked him down, and took his wallet from him; and that he, Scott, was only in the alley to pull Solorio off of the complaining witness.

When Solorio was interviewed by the same officer he told him that appellant Scott approached the complaining witness and asked for a match; that Scott grabbed him and took him back into the alley; and that he, Solorio, did not enter the alley.

The two defendants were later brought together and both were asked to tell their stories, which they did. On the witness stand Scott said he had previously seen the complaining witness in a liquor store drinking wine; that as he approached defendants, Scott asked him for a cigarette and the complaining witness started to run down the alley and fell a couple of times; and that he did not touch him nor take any money from him. Neither he nor defendant Solorio denied making the statements to the officers above indicated, and Solorio's story was similar in substance to that related to them.

■ Apparently appellant Scott now contends that since

his conviction he has obtained some evidence indicating that Solorio has since made statements to others in the Chino prison to the effect that appellant Scott had nothing to do with the robbery; that he had no knowledge of the above-named crime; that Solorio took the complaining witness's money and submitted to a search by the officers, but they did not find it, because Solorio was "too slick." He offered to furnish the names of the witnesses who would so testify and accompanied his request with the names of two inmates of the institution. He stated they would swear under oath that these statements were true, and enclosed their affidavits to this effect.

Counsel appointed for appellant made full investigation and reported to this court that from his examination of the record on appeal his opinion was that there was no substantial question of law which could be raised on this appeal; and that the rulings of the trial judge were fair and proper. The attorney general reported accordingly and claimed that any attempt of appellant to inject into this appeal matters not presented to the trial court were of no avail in this proceeding.

We have fully examined the record of the evidence and we are in accord with the reports. No motion for new trial was made and the attempted appeal therefrom is dismissed.

Judgment affirmed.

Barnard, P. J., concurred.